IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                   No. CIV 22-0216 RB/KK

DAVID E. WALTERS and
ROBIN J. WALTERS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      The Secretary of the Treasury made joint assessments against Defendants David Walters and Robin Walters for federal income taxes, penalties, interest, and statutory additions. The United States filed this lawsuit to reduce the unpaid federal tax liabilities to judgment. Defendants have not answered or otherwise responded to the Complaint, and the United States now moves for default judgment. Having considered the record and the relevant law, the Court will **GRANT** the motion and enter default judgment in favor of the United States.

**I.**      **Undisputed Facts**

      David and Robin Walters are married and reside in Bloomfield, New Mexico. (Doc. 1 (Compl.) ¶¶ 4–6; *see also* Doc. 10-1 ¶ 4.) The Walters "jointly filed a Form 1040 U.S. Individual Income Tax Return for tax year 2014." (Doc. 10-1 ¶ 4 (citing Doc. 10-1-A).) In this Return, the Walters "reported $1,253,765 in total income, $1,174,102 in adjusted gross income, $406,754 in total tax and $366,112 in tax owed." (*Id.* ¶ 5.) The Walters did not remit payment with the Return. (*Id.* ¶ 9 (citing Doc. 1-1).)

      "A delegate of the Secretary of the Treasury made joint assessments against [the Walters] for federal income (Form 1040) taxes, penalties, interest, and statutory additions on the dates and

for tax year 2014 as follows:"

| Tax Year | Date of Assessment | Income Tax | § 6651(a) Penalty | Other Penalty | Interest |
|---|---|---|---|---|---|
| 2014 | 11/16/2015 | $406,754.00 | | $134,469.90 | |
| | 11/16/2015 | | $14,651.72 | | |
| | 11/16/2015 | | | | $6,525.65 |
| | 11/16/2015 | | | $69.00 | |
| | 3/12/2018 | | $57,762.20 | | |
| | 10/25/2021 | | | | $85,162.24 |
| | 10/25/2021 | | $5,898.33 | | |

(*Id.* ¶ 10 & at 2.)

"Despite having been given proper notice and demand for payment of the assessments shown . . . above, [the Walters] have not fully paid the amounts due." (*Id.* ¶ 11.) The unpaid balance together with statutory accruals equaled $381,598.97 as of December 31, 2021, and $384,511.14 through May 1, 2022. (*Id.* ¶¶ 12, 15 (citing Doc. 10-1-B).)

## II. Procedural Background

The United States filed a Complaint on March 24, 2022, "to reduce to judgment [the Walters'] unpaid federal income tax liabilities." (Doc. 1 at 1.) On March 29, 2022, a private process server left the summons and copy of the Complaint with David Walters at their residence. (*See* Docs. 4 at 2; 6 at 2; 10 at 2; *see also* Docs. 7-1 ¶ 4; 8-1 ¶ 4.) Under Federal Rule of Civil Procedure 12(a)(1)(A) and 12(b), the Walters' answer or responsive pleading was due on April 19, 2022. (*See* Doc. 10 at 2.) The Walters "have failed to answer or otherwise respond to the complaint." (*Id.*)

On April 27, 2022, the United States filed a Request for Clerk's Entry of Default as to Robin and David Walters. (Docs. 7–8.) Counsel for the United States avers that neither Robin nor David Walters are minors, incompetent, or in military service. (*See* Docs. 7-1 ¶ 3; 8-1 ¶ 3.) The Clerk filed the Entry of Default on April 28, 2022. (Doc. 9.) The United States now moves for default judgment under Federal Rule of Civil Procedure 55(b). (Doc. 10.)

### III.    Legal Standard

"Upon a motion for default judgment, a district court accepts as true all well-pled allegations in a complaint, except those related to proving damages." *Nev. Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018) (citing *United States v. Craighead*, 176 F. App'x. 922, 2006 WL 936684, at *2 (10th Cir. Apr. 12, 2006)). Before granting a default judgment, the Court must ensure that it has personal and subject matter jurisdiction over the parties and decide "whether the well-pled allegations of the complaint, if true, state a claim for relief." *Id.* (quotation and citations omitted).

### IV.    The United States is entitled to judgment on the unpaid assessments.

The Court has personal and subject matter jurisdiction over the parties. The Walters are residents of New Mexico. (Compl. ¶¶ 4–5.) The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a). The Court finds that the United States served the Walters properly pursuant to Federal Rule of Civil Procedure 4(e)(2)(B), as the process server left copies of the summons and Complaint with David Walters at their residence. (*See* Docs. 4 at 2; 6 at 2.)

Taken as true, the well-pled allegations in the Complaint state a claim for relief. The undisputed facts establish that the Walters have income tax delinquencies for tax year 2014. (Compl. ¶ 7; Docs. 1-1; 10-1-A.) The United States presents evidence to establish that the Walters admitted on their Tax Return that they owed $366,112 for tax year 2014. (Doc. 10-1-A.) A delegate of the Secretary of the Treasury made joint assessments against the Walters for the tax liabilities, and the Walters have failed to pay the amounts due. (Docs. 1-1; 10-1 ¶¶ 10–11.)

Having considered the foregoing, the Court concludes that the United States is entitled to default judgment. "If defendant does not contest the amount prayed for in the complaint [by failing

3

to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Craighead*, 176 F. App'x at 925 (quotation omitted); *see also* Fed. R. Civ. P. 55(b). The Court finds that no hearing is necessary here based on the evidence the United States submits of a sum-certain ($366,112) the Walters owe based on the Tax Return they filed. (*See* Docs. 10-1 ¶¶ 4–5, 10, 12; 10-1-A.)

**THEREFORE**,

**IT IS ORDERED** that the United States' Motion for Default Judgment Against Defendants David E. Walters and Robin J. Walters (Doc. 10) is **GRANTED**. The United States is entitled, as a matter of law, to the assessed federal income taxes, penalties, and interest for tax year 2014 in the amount of $384,511.14 as calculated through May 1, 2022, plus prejudgment and post-judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601 and 6621 and 28 U.S.C. § 1961(c) until paid.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE